NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RALPH BAKER | : | |
|  | : | Civil Action No. 08-cv-301 (PGS) |
| Plaintiff, | : | |
|  | : | |
| v. | : | |
|  | : | **OPINION** |
| MICHAEL WITTEVRONGEL, et al. | : | |
|  | : | |
| Defendants | : | |

This matter comes before the Court on multiple motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff, Ralph Baker, a *pro se* litigant, brings an action pursuant to 42 U.S.C. § 1983, 1985, and 1986 against sixteen defendants in three counties, including the prosecutors and assistant prosecutors who were involved in the investigation and prosecution of state criminal charges against Baker (Bruce Kaplan and Martha B. McKinney of Middlesex County, Wayne Forrest and James Lankford of Somerset County, and Theodore J. Romankow and Natalie S. Candella of Union County) the police officers and departments involved in the investigations (Michael Wittevrongel and the Township of Union Police Department, Detective Edward Chabak of the Linden Police Department, Sgt. Joseph Shannon with the Edison Police Department, and Sgt. Randy Stratton and the Green Brook Police Department), Anne Milgram, the New Jersey State Attorney General, Yvonne Smith Segars, the New Jersey State Public Defender,[1] and Jennifer F.

---

[1] These defendants were subsequently voluntarily dismissed by plaintiff. (See Amended Complaint). Such dismissal was confirmed at oral argument.

Banaag, the technician responsible for conducting various DNA tests at the State Crime Lab.[2] The underlying facts of the matter stem from the State of New Jersey's indictments and, in two cases, subsequent convictions, of Baker for four similar robberies occurring in the townships of Edison, Union, Linden, and Green Brook in the first three weeks of July 2002. For the reasons that follow, the motions to dismiss will be granted, and plaintiff's complaint will be dismissed.

**Statement of Facts**

The complaint is difficult to understand. It is certainly not a clear, concise statement of what occurred. Fed. R. Civ. P. 8. But to comprehend *pro se* plaintiff's issue, it is important to know the facts and procedural posture of the underlying state criminal actions against him.

Baker was allegedly involved in at least four similar armed robberies in three counties: a gas station and attached market in Green Brook (Somerset County); a Burger King restaurant in Edison (Middlesex County); a gas station in Union (Union County); and ABC Home Furnishings in Linden (Union County). These criminal incidents all occurred within two weeks of each other in July 2002. Since the robberies were similar to one another, the local police officers investigating the crimes shared information about Baker, including his mug shot for the purposes of photographic lineups conducted in the investigations. In his Section 1983 complaint, Baker objects to the use of two pieces of evidence against him at state criminal trials. The first is the use of the black ski mask

---

[2] In an application to amend the complaint filed on April 14, 2008, prior to answers being filed, plaintiff also named his trial attorney, Jack Venturi, as a defendant to the action. (Docket Entry 9). In addition to demanding monetary relief from the defendants originally named in the complaint, the amendment demanded that Venturi's "assets be frozen, and then released to David A. Ruhkne, Esq., retainer fee for Appeals." (Docket Entry 9 at 1). Though it appears that this should have been an amendment as of right pursuant to Fed. R. Civ. P. 15(a)(1)(A), it does not appear on the docket as an amendment, and Venturi does not appear to have been served with the amended complaint. In any event, the contents of the amendment are inapposite to the decision in this matter.

found at the scene of the Union robbery. The second is the photographic lineup identifications, all of which Baker contends were conducted improperly by police officers.

With regard to the black ski mask, the State Police Laboratory conducted two DNA tests on the ski mask, both of which were performed after Baker was convicted in Middlesex and Union Counties for the incidents in Edison and Union Township. The first test, which was conducted in 2006,[3] showed that Baker only had a "minor" involvement with the mask, and that someone named Malik Thompson better matched the DNA profile. A second test conducted on or about April 3, 2007, yielded similar results, concluding that Baker could not be ruled out as a minor contributor to the DNA found on the ski mask.

In addition, Baker claims that his photo identification was improper. Witnesses selected his picture (bearing number 5) in each identification process. According to Baker,

> a photograph was taken . . . and this single photograph was distributed to Edison, Linden and Green Brook Townships. Each county in concert used a single pattern insert Defendant's photo in the photo array . . . clearly the manner in which the photo array was utilized, to show the witness in this case was tainted in that the victim had prior notification that plaintiff was in custody.

In light of this alleged tainted evidence, plaintiff sued all the defendants previously mentioned. In his original Complaint, Plaintiff seeks "no monetary award" but requests (1) "a preliminary injunction restraining the defendants from presenting false evidence to the Superior Courts of Middlesex, Union and Somerset Counties," the Appellate Division and the Supreme Court of New Jersey; (2) a special master to conduct an investigation, and (3) that defendants desist from

---

[3] Baker lists the test date as February 9, 2006 in his papers. However, the Somerset County Prosecutors Office lists it as December 7, 2006, in an affidavit it submitted to the Somerset County Superior Court.

use of any and all false evidence.[4]

**Procedural History**

In March 2004, Baker was tried and convicted in Union County on Indictment Numbers 02-10-1264 and 02-10-1265 of theft, unlawful possession of a weapon, and possession of a weapon by certain persons not to have weapons for the incident in Union Township.[5] These convictions resulted in a sentence of seventeen years for the certain persons count, and concurrent sentences of seven years and six months on the unlawful possession of a weapon and theft counts, respectively. *State v. Baker*, Docket No. A-3855-04 (N.J. Super. Ct. App. Div. Feb. 21, 2007).

In April 2005, Baker was also tried and convicted in Middlesex County on Indictment Number 02-10-1239 on two counts of armed robbery, two counts of possession of a weapon for unlawful purposes, one count of unlawful weapon possession, and one count of aggravated assault for the incident in Edison. On November 10, 2005, Baker was sentenced, after merger of counts, to twenty years on Count One and an extended life term on Count Two. (Rosenbach Letter of Sept. 17, 2008).

Baker timely appealed from the convictions in both Middlesex and Union Counties. However, on October 12, 2006, the appeal of the Middlesex convictions was dismissed without

---

[4] As previously stated, Baker has since filed two amended complaints. However, the first one was never properly served, and the second was filed improperly, without leave of court. Thus, the Court will primarily deal with the original complaint in this opinion.

[5] Baker was also charged in Union County Indictment No. 03-07-725 with robbery, aggravated assault, possession of a weapon for unlawful purposes, and unlawful possession of a weapon, and in Union County Indictment No. 03-07-726 with possession of a weapon by certain persons not to have weapons for the Linden incident. These indictments were dismissed on May 1, 2006, six months after Baker was sentenced in Middlesex County to a life term, because the victim in that case had moved to Florida and had medical problems making it difficult to travel. (See Docket Entry 59, #4, Exhibits B, C, & J).

prejudice. On February 21, 2007, the Appellate Division of the Superior Court of New Jersey reversed and remanded his Union County conviction on the certain persons charge for a new trial, and otherwise affirmed Baker's convictions and sentences. *State v. Baker*, Docket No. A-3855-04 (N.J. Super. Ct. App. Div. Feb. 21, 2007).[6]

Subsequently, in January 2008, Baker refiled the Middlesex appeal by way of an application *nunc pro tunc* and accompanying motions. On March 17, 2008, the Appellate Division issued an Order dismissing Baker's Middlesex appeal without prejudice. (Amended Complaint at Pa1-2). This dismissal appears to have been premised on numerous procedural failings in Baker's application. In his Order, the Honorable Edwin H. Stern, P.J.A.D. stated that "[t]he motion for leave to appeal as within time is denied, and the appeal is dismissed *without prejudice* to a motion for leave to appeal as within time accompanied by a certification indicating defendant's efforts to seek a timely appeal as to each matter he seeks to appeal." (Amended Complaint at Pa2). On October 20, 2008, Baker's petitions for certification to the Supreme Court of New Jersey were denied. *State v. Baker*, 960 A.2d 389, 389 (N.J. 2008).

Baker was additionally charged in Somerset County Indictment Number 02-09-550 with robbery, possession of a weapon for an unlawful purpose, unlawful possession of a weapon, aggravated assault, and possession of a weapon by certain persons not to have weapons for the incident in Green Brook. However, on April 3, 2008, this indictment was voluntarily dismissed by the Somerset County Prosecutor by way of Order of the Honorable Edward M. Coleman, P.J.Cr.

---

[6] Having nothing to do with Baker's challenge here, the Appellate Court found the prosecutor misspoke in her closing argument about the underlying felony concerning the certain persons charge. That count was subsequently dismissed by the Union County Prosecutors Office. *State v. Baker*, Docket Nos. A-2457-07 and A-2458-07 (N.J. Super. Ct. App. Div. Mar. 17, 2008) (Amended Complaint at Pa1-2).

On January 15, 2008, during the pendency of his appeal of the Middlesex County convictions and prior to the dismissal of the charges against him in Somerset County, Baker filed this action, asserting that false affidavits and live testimony were introduced at trial by the several defendant officers and assistant prosecutors, thus resulting in his various convictions. Baker also asserts that faulty photographic lineups were used in each case, resulting in false identification of him as the perpetrator of the aforementioned crimes. In addition, Baker impleads the county prosecutors and attorney general because he alleges that they directed and conspired with their employees to commit violations of Baker's constitutional rights, including certifying to false DNA test results. Finally, Baker impleads the public defender as violating his constitutional rights by failing to provide him with representation.

Baker requests injunctive relief barring the use of the DNA and photographic evidence he claims to be faulty, and to launch a federal investigation into similar incidents in New Jersey criminal prosecutions. In an amended complaint filed on April 14, 2008, Baker also demanded monetary damages in the amount of $1000 per day from all of the individual defendants except for Milgram and Segars; punitive damages in the amount of $25 million; and reasonable attorneys fees and costs. (See Docket Entry 9). In addition, Baker filed a second amended complaint filed without leave of court on October 27, 2008.[7] In that amended complaint, Baker again demands the sum of $25 million in punitive damages, nominal damages totaling $12 million, equitable damages totaling $1,550,000 plus $1000 from most defendants, and reasonable attorneys fees.

---

[7] Plaintiff requested leave of court but such application was never granted. Without a motion, the Court declines to consider the issue of the amendment at this time. Suffice it to say, the additional claim for monetary damages does not change the analysis of this case.

There is no evidence that Baker brought an action for habeas corpus or for post conviction relief at the state level.

**Discussion**

Defendants claim that the Court lacks jurisdiction over plaintiff's claims. State defendants (including county prosecutors) claim they have Eleventh Amendment immunity, and that the *Rooker-Feldman* doctrine[8] and the *Younger* abstention doctrine[9] bar Baker's claims. In addition, the Defendants argue that the prerequisite for filing a civil rights action requires that the Court adjudicate a habeas case for plaintiff. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Generally, the first inquiry made by a district court is whether it has the jurisdiction to review the merits of a plaintiff's claims. "When subject matter jurisdiction is at issue, a federal court is generally required to reach the jurisdictional question before turning to the merits." *See Baltimore County v. Hechinger Liquidation Trust (In re Hechinger Inv. Co. of Del., Inc.)*, 335 F.3d 243, 249 (3d Cir. 2003); *Larsen v. Senate of the Commw.*, 152 F.3d 240, 245 (3d Cir. 1998). "A court that is without proper jurisdiction cannot proceed at all, and must merely note the jurisdictional defect and dismiss the suit." However, as the recent case of *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184, 1191 (2007) establishes, "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." (Internal quotation marks omitted). As the *Sinochem* Court opined, "[d]ismissal short of reaching the merits means that the court will not 'proceed at all' to an adjudication of the cause." *Id.* It is clear that "'[j]urisdiction is vital only

---

[8] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[9] *Younger v. Harris*, 401 U.S. 37 (1971).

if the court proposes to issue a judgment on the merits.'" *Id.* at 1191-92.

Here, Baker brings his claims pursuant to 42 U.S.C. § 1983, 1985, and 1986, requesting that this Court, in essence, bar the state court from utilizing evidence collected during investigations it conducted that resulted, not only in a grand jury indictment, but also in convictions after jury trials in two of the three counties.[10] Thus, Baker wishes to have this Court decide an issue that would directly undermine his convictions. Because of the closeness in time of the alleged crimes and the sharing of evidence collected by the three counties, the injunctive relief requested by Baker, if granted against any of the defendants named herein, may undermine his state court convictions. Similarly, a monetary award may serve to undermine confidence in the judgment of the state courts. Therefore, because Baker has failed to show that his convictions and sentences in state court were invalid by way of a reversal at the appellate level of all of the underlying charges or by way of a grant of a petition for habeas corpus, Baker has not presented a viable cause of action in this Court.

In *Heck*, 512 U.S. at 486-87, the Supreme Court stated that a cause of action under section 1983 does not exist in the context of prisoner litigation where the subject of the litigation would cause the federal court to invalidate a state court's judgment of conviction and sentence, unless that conviction and sentence had already been proven invalid by other means. As that Court expressly stated,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed

---

[10] No charges are being pursued against Baker in Somerset County. Though this Court does not reach the merits of Baker's claims, the issue of injunctive relief against the Somerset County defendants, if it had been viable, would be rendered moot by the dismissal of the indictment.

8

> on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.*; *see also Wallace v. Kato*, 127 S. Ct. 1091 (2007). The *Heck* principle applies in suits for damages and injunctive relief. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Baker has alleged facts that, even taken as true, do not rise to a cognizable cause of action before this Court at this time. In essence, Baker's claim for injunctive relief is not ripe for review before a district court unless and until a New Jersey state court overturns his convictions based on reasons stated in the Complaint, or until Baker files a successful habeas corpus petition based on these convictions. Drawing an analogy to *Totten v. United States*, 92 U.S. 105 (1876) (holding that suits against the Government on the basis of covert espionage agreements are prohibited), the standard pronounced in *Heck* represents a question of ripeness– just "'the sort of threshold question [that] . . . may be resolved before addressing jurisdiction.'" *Sinochem*, 127 S. Ct. at 1191 (alteration in original) (quoting *Tenet v. Doe*, 544 U.S. 1, 7 n.4 (2005)). Thus, without reaching the merits of Baker's claims, this Court grants defendants' motions to dismiss plaintiff's complaint. Baker's remedy is more properly before the Appellate Division of the Superior Court of New Jersey. Alternatively, and after his claims are properly exhausted, Baker may have a remedy before the District Court in a petition for habeas corpus.

**Conclusion**

For the foregoing reasons, defendants motions to dismiss are granted, and plaintiff's complaint is dismissed in its entirety pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).[11]

          *s/Peter G. Sheridan*
          PETER G. SHERIDAN, U.S.D.J.

February 24, 2009

---

[11] The same analysis applies to the motion to amend the Complaint. As a result, the Amended Complaint will also be dismissed under the *Heck* rationale. It makes no sense to allow this matter to continue by amending the complaint because it will be dismissed again based upon the same motion.